# FOR PUBLICATION

FILED & ENTERED

JAN 29 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY zamora    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – Riverside Division

| | |
|---|---|
| In re<br><br>Jackie Brand, Jr. and<br>Marla Robin Brand,<br><br>    Debtors.<br><br>───────────────────<br><br>KOB Inc., dba West End Material Supply,<br><br>    Plaintiff,<br><br>v.<br><br>Jackie Brand, Jr. and<br>Marla Robin Brand,<br><br>    Defendants. | Case No. 6:13-bk-29686-SC<br><br>Chapter 7<br><br>Adversary No. 6:14-ap-01150-SC<br><br>**MEMORANDUM OF DECISION DISMISSING ADVERSARY PROCEEDING WITH PREJUDICE AS TO DECEASED DEFENDANT JACKIE BRAND, JR.**<br><br>Date: 2/3/2016<br>Time: 1:30 p.m.<br>Courtroom 5C<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

    The Court issued an order to show cause [Dk. 41] ("OSC") setting a hearing for February 3, 2016, and allowing for parties to file briefs concerning the impact of the death of Defendant Jackie Brand, Jr. ("Mr. Brand") upon this § 727[1] action. Plaintiff filed a brief in opposition to dismissing Mr. Brand [Dk. 44] ("Plaintiff's Brief") and Defendant Marla Robin Brand ("Mrs. Brand") filed a reply brief supporting dismissal

---

[1] "Chapter" and "section" references refer to the Bankruptcy Code, unless otherwise indicated.

1

[Dk. 46] ("Mrs. Brand's Brief"). The Court finds this matter appropriate for disposition without oral argument.

The Court has carefully considered the Plaintiff's Brief, Mrs. Brand's Brief, and the record as a whole, and for the reasons set forth below, this adversary proceeding is DISMISSED with prejudice as to Mr. Brand. The OSC hearing is VACATED. This § 727 proceeding shall proceed to trial on May 3, 2016, at 9:30 a.m. as to Defendant Mrs. Brand. The Court writes this memorandum decision to explain its reasoning on the as-of-yet undetermined issue in the Ninth Circuit presented by the application of Federal Rule of Civil Procedure ("Rule") 25 to this adversary proceeding.

## I. Background

Plaintiff filed a § 727 action against Debtors Jackie Brand Jr. and Marla Robin Brand on June 6, 2014. A trial was scheduled for July 28, 2015. On or around July 17, 2015, Jackie Brand Jr. regretfully died. Shortly thereafter, the Court was notified of Mr. Brand's passing, and on July 20, 2015, the Court entered an order [Dk. 17] ("July 20th Order"), which continued the trial, gave notice of Mr. Brand's passing, and invited parties to file appropriate motions related to Mr. Brand's passing. *See* Order [Dk. 17, page 2, lines 3-5] ("Parties are invited to prepare and file any Pre-Trial Motions on the subject of the effect of the recent passing of Mr. Brand on the trial or the case."). The Court served the July 20th Order upon, among others, Plaintiff's attorney, Stephen Seideman, Esq., via U.S. mail at Mr. Seideman's address of record, 1334 Parkview Ave. Suite 100, Manhattan Beach, CA 90266-3788 on July 22, 2015. *See* BNC Notice [Dk. 20].

No motions were ever filed by any party.

On September 23, 2015—approximately 65 days after the entry of the July 20th Order—after several hearings, the Court issued a second order [Dk. 30] ("September 23rd Order"). The September 23rd Order provided as follows:

> The parties are required to file briefs (Plaintiff's brief is due no later than December 2, 2015 and Defendant's brief is due no later than December 9, 2015), addressing the effect of the death of co-defendant Jackie Brand, Jr.

  on this pending Section 727 adversary proceeding. The parties' briefs must also address the effect of the failure of any party to file any dispositive motion regarding the death of Jackie Brand, Jr., as requested by the Court in its July 20, 2015 order [Dk. 16].

Order [Dk. 30, para. 4]. More than 90 days elapsed from the entry and service of the Court's July 20th Order, and no motions were filed by any party. Plaintiff filed a brief on December 2, 2015 [Dk. 39], and Mrs. Brand filed her brief on December 8, 2015 [Dk. 40]. Plaintiff's brief acknowledged that "a motion for substitution must be made within 90 days after service of a statement noting death," but argued that "a motion for substitution of the personal representative or successor in not required, or possible, in this case" and that "the 90 day period referred to in Rule 25 has not begun to run." Plaintiff's Brief [Dk. 39] page 2, lines 9-12. The Court disagrees.

  For the reasons set forth below, the Court believes the § 727 action must be dismissed with prejudice as to Mr. Brand based upon Plaintiff's failure to file a timely motion to substitute within the 90-day period following the Court's entry of the July 20th Order, which noted on the record the passing of Mr. Brand and which was served upon all requisite parties, including Plaintiff via his attorney of record, in accordance with Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7005.

## II. Discussion – Rule 25

  When a party to an adversary proceeding dies and the claim is not extinguished, Rule 25 requires a statement noting the death to be served on parties in accordance with Rule 5 and on nonparties in accordance with Rule 4. Fed. R. Civ. P. 25(a). Following the service of the statement noting death, a motion for substitution of the proper party must be made within 90 days or the action must be dismissed as to the deceased party. Fed. R. Civ. P. 25(a)(1).

  In this case, Rule 25 applies because the § 727 action against Mr. Brand was not extinguished upon his passing. *See In re Eads*, 135 B.R. 380, 385-86 (Bankr. E.D. Cal. 1991) ("If a posthumous discharge can be granted, it follows that a discharge can also be denied. Thus, an action objecting to discharge under 11 U.S.C. § 727 does not abate upon the death of the debtor.").

The Ninth Circuit held in *Barlow v. Ground* that Rule 25 requires "two affirmative steps in order to trigger the running of the 90 day period":

> First, a party must formally suggest the death of the party upon the record. *Anderson v. Aurotek*, 774 F.2d 927, 931 (9th Cir.1985); *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir.1990); 3B Moore's Federal Practice ¶ 25.06[3] (2d ed. 1991) ("a formal suggestion of death is absolutely necessary to trigger the running of the ninety days"). Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Fed.R.Civ.P. 25(a)(1). Thus, a party may be served the suggestion of death by service on his or her attorney, Fed.R.Civ.P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.

*Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The panel in *Barlow* expressly declined to answer one of the questions that this case presents: whether a notice of death must be served upon nonparty, unascertained representatives of the decedent before the 90-day limitations period will begin to run. In addition, *Barlow* did not address whether unascertained representatives must be identified in the notice of death. This issue was raised by the Plaintiff. There is no mandatory authority in the Ninth Circuit that answers these questions, and the Court notes a split of authority in other circuits.

Based upon the analysis set forth below, the Court is of the opinion that the July 20th Order constituted a formal notice of death under Rule 25, that it was served properly upon all requisite parties, that 90 days elapsed with no motion to substitute (or any other motion) being filed, and that therefore the § 727 action must be dismissed with prejudice as to Mr. Brand.

    **1.**    **Formal Notice of Death Upon the Record**

Prior to this Court's tentative, raising the issue of whether the July 20th Order constituted a notice of death, both Plaintiff and Defendant assumed that no notice of death has been made upon the record. At the January 6, 2016 hearing, Plaintiff asserted that he believed the Court's July 20th Order was not a formal notice of death. The Court

disagrees. The Court's July 20th Order constituted a notice of death upon the record, and for the reasons set forth below, the order contained sufficient formality.

As stated in *Barlow*, the notice of death must be sufficiently *formal* in order to trigger the running of the 90-day period. Rule 25 does not describe the content of the notice of death, but rather the rule merely provides that "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

Form 9 of the Appendix of Forms to the Federal Rules provides the following example of sufficiently formal verbiage:

> In accordance with Rule 25(a) <u>name the person</u>, who is [a party to this action] [a representative of or successor to the deceased party] notes the death during the pendency of this action of <u>name</u> [describe as party in this action].

Fed. App'x of Forms, Form 9.[2] Nonetheless, the federal forms only provide an example of the proper suggestion of death. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 595 F. Supp. 326, 330 (N.D. Cal. 1983) *aff'd sub nom. Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393 (9th Cir. 1986) (noting that the federal form simply provided an example of the proper suggestion of death). Case law has largely defined the contours of what level of formality is required under Rule 25.

Plaintiff correctly cites *Grandbouche v. Lovell* for the proposition that actual knowledge of the death is insufficient. *Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990) ("The running of the ninety-day limitations period under Rule 25(a)(1) is not

---

[2] Of course, Federal Form 9, along with almost all other forms in the Appendix of Forms, was abrogated on December 1, 2015. *See* Fed. R. Civ. P. 84, Advisory Committee Notes. The advisory committee notes explain why:

> The purpose of providing illustrations for the rules, although useful when the rules were adopted, has been fulfilled. Accordingly, recognizing that there are many excellent alternative sources for forms, including the Administrative Office of the United States Courts, Rule 84 and the Appendix of Forms are no longer necessary and have been abrogated.

Fed. R. Civ. P. 84, Advisory Committee Notes. No form suggestion of death exists on the Administrative Office's website. See http://www.uscourts.gov/services-forms/forms, last visited January 2, 2016.

triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death."). The *Grandbouche* case cites examples where notice of death was not sufficiently formal, including the case of *Kaldawy v. Gold Serv. Movers, Inc.*, 129 F.R.D. 475, 477 (S.D.N.Y. 1990). In *Kaldawy*, the district court held that its own order, which noted plaintiff's death, was ineffective to trigger the 90-day period *because it was not served properly*. The *Kaldawy* court did not find that its order lacked sufficient formality. Notably, the *Kaldawy* court did not address the argument posited by the would-be plaintiff that the court's order did not trigger the 90-day period because it did not "substantially conform to Form 30 of the Appendix of Forms to the Federal Rules and because it was served by the Court rather than by a party or the successor or representative of the deceased party." *Kaldawy*, 129 F.R.D. at 477.[3]

Other examples from cases cited in *Grandbouche* as lacking sufficient formality include *Tolliver v. Leach*, 126 F.R.D. 529, 530–31 (W.D. Mich. 1989) (where defense counsel's statement concerning defendant's death, made on record during discovery conference, was insufficient to trigger limitations period) and *Gronowicz v. Leonard*, 109 F.R.D. 624, 626–27 (S.D.N.Y. 1986) (where a letter from a party's attorney to the court notifying the court of a party's death was insufficient to trigger limitations period).

Indeed, incidental or obscure references to the death of a party generally lack sufficient formality. *See Hawes v. Johnson & Johnson,* 940 F.Supp. 697, 700 (D.N.J. 1996) (holding that the "mere reference to the death of [one plaintiff] in plaintiffs' reply brief . . . was insufficient to trigger the commencement of the 90 day time limit"); *Henkel v. Stratton,* 612 F.Supp. 190, 191 n.1 (N.D. Ohio 1985) (citations omitted) (holding that the notations in defendant's briefs stating that plaintiff had passed away were insufficient to qualify as a suggestion of death); *Grass Valley Terrace v. United States*, 69 Fed. Cl. 506, 509 (2006) (finding that reference to plaintiff's death noted on

---

[3] This is, in effect, the underlying basis of this Court's determination. This Court properly served the requisite parties pursuant to Rule 25, unlike the inadequate service of the court's order in *Kaldawy*.

page 447 of a 474 page appendix to a motion for summary judgment lacked sufficient formality); *AcrI v. Intl. Assn. of Machinists & Aerospace Workers*, 595 F.Supp. 326 (N.D. Cal. 1983), *aff'd*, 781 F.2d 1393, *cert. denied*, 479 U.S. 816 (1986) (incidental mention of the death in answers to interrogatories was insufficient to start the 90-day period in which to substitute); *Braden v. Plumbing & Pipefitting Indus. Local 38 Convalescent Trust Fund*, 967 F.2d 584 (9th Cir. 1992) (unpublished) (purported notice of death lacked sufficient formality where "Defendants put the notice of death of [decedent] on the very last page of the Defendants' Supplemental Responses to Plaintiffs' Fourth Set of Requests to Admit, Interrogatories and Request for Production of Documents.").

These cases indicate that at least some minimal level of formality is required under Rule 25. The Court has been unable to find a decision in which a court's own order constituted sufficient notice of death under Rule 25, although cases have not ruled out the possibility. *See In re Irwin*, 338 B.R. 839, 848–49 (E.D. Cal. 2006) (noting, but expressing no opinion on whether a motion to substitute parties along with a judge's findings constitute sufficient formal notice of death to trigger Rule 25(a)(1)'s 90-day period). Query whether the court in *Kaldawy* would have held that its own order was sufficient were it to have been *properly served* in the first place. *Cf. Kaldawy v. Gold Serv. Movers, Inc.*, 129 F.R.D. 475 (S.D.N.Y. 1990).

Here, the July 20th Order specifically noted the death of Mr. Brand and invited the parties to file appropriate motions. The July 20th Order was entered by the Court and placed on the CM/ECF docket and therefore appeared on the public record. In consideration of the case law, the Court believes that the July 20th Order was a sufficiently formal notice of death upon the record as required by Rule 25.

**2.    Served Upon Parties Per Rule 5 and Nonparties Per to Rule 4**

Rule 25(a)(1) requires that the notice of death be served upon parties pursuant to Rule 5 and nonparties pursuant to Rule 4. Rules 4 and 5 are modified in bankruptcy proceedings by Bankruptcy Rules 7004 and 7005. *See* Fed. R. Bankr. P. 7002.

### a. Service Per Bankruptcy Rule 7005 Upon Parties

Bankruptcy Rule 7005 provides that "Rule 5 F.R.Civ.P. applies in adversary proceedings." Fed. R. Bankr. P. 7005. Rule 5 allows service upon a party's attorney. Fed. R. Civ. P. 5(b). Rule 5 provides, in pertinent part, as follows:

> (b) Service: How Made.
> (1) Serving an Attorney. If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.
> (2) Service in General. A paper is served under this rule by:
> . . . .
> (C) mailing it to the person's last known address--in which event service is complete upon mailing;
> . . . .
> (E) sending it by electronic means if the person consented in writing--in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or
> . . . .
> (3) Using Court Facilities. If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E).

Fed. R. Civ. P. 5(b).

In this case, unlike the order in *Kaldawy*, the Court properly served its July 20th Order on all requisite parties pursuant to Rule 5. The only parties remaining in this § 727 action after the death of Mr. Brand were the Plaintiff and Mrs. Brand (the surviving spouse of co-defendant Mr. Brand). Both Plaintiff and Mrs. Brand were served with the Court's July 20th Order by service upon their counsel, in accordance with Rule 5(b).

Specifically, Plaintiff's attorney, Stephen Seideman, Esq., was served via U.S. mail at Mr. Seideman's address of record, 1334 Parkview Ave. Suite 100, Manhattan Beach, CA 90266-3788 on July 22, 2015, in accordance with Rule 5(b)(2)(C). *See* BNC Notice [Dk. 20]. Mrs. Brand's attorney, Bryant C. MacDonald, Esq., was served via email pursuant to Rule 5(b)(2)(E) and (b)(3). Mr. MacDonald was a registered CM/ECF user at the time he was served. An attorney who registers on CM/ECF to receive NEF notice consents to electronic service and waives any other right to service, except with respect to service pursuant to Bankruptcy Rule 7004. *See* Court Manual § 3.2(c)(3). Rule 25(a)(1), of course, only requires service upon non-parties pursuant to Rule 5, which is

incorporated into bankruptcy proceedings by Bankruptcy Rule 7005. Therefore, electronic service upon Mrs. Brand was perfected upon emailing her attorney of record, Mr. MacDonald. No party has disputed service.

### b.    Service Per Bankruptcy Rule 7004 Upon Nonparties

Rule 25 requires service upon nonparties pursuant to Rule 4. In *Barlow*, the panel held that where a nonparty representative is *clearly known at the time notice of death is made*, Rule 25 requires service upon that nonparty representative pursuant to Rule 4. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). *Barlow* specifically declined to address the situation where, as here, no representative has been ascertained at the time notice of death is given. *Id.* at 234.

In this case, there are no *ascertained* nonparties to this § 727 action. In other words, there are no known successors or representatives of Mr. Brand. Plaintiff, itself, has stated that the identity of Mr. Brand's successor or personal representative is unknown and that Plaintiff's counsel "has been unable to find any probate proceeding for Jackie Brand Jr." Plaintiff's Brief [Dk. 39, page 3, lines 15-17]. No party has filed any motion seeking to ascertain or appoint a representative or successor to Mr. Brand.

In situations where the identity of the nonparty representative is unascertained at the time the notice of death is made, courts disagree on whose burden it is to ascertain the identity of the nonparty representative of decedent's estate. There is no binding precedent in the Ninth Circuit on this particular issue, and courts in other circuits have taken divergent views.

In *Rende v. Kay*, the successor of a deceased defendant was unascertained; however, there the deceased defendant's lawyer knew the decedent had a will and knew the court of probate, but did not know whether probate of the will might be contested or who would be appointed as representative of the estate. *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969). The D.C. Circuit held that in such situations Rule 25 did not place the burden on the plaintiff to "institut[e] machinery in order to produce some representative of the estate ad litem, pending appointment of the representative

9

contemplated by law of the domicile of the deceased." *Id.* The panel reasoned that the amendments to Rule 25 were made for the purpose of allowing more "flexibility." Similarly, in *McSurely v. McClellan*, the D.C. Circuit held that:

> It would hardly be consistent with the just, speedy, and inexpensive determination of civil actions . . . to place upon the plaintiff the burden of locating the representative of the estate within 90 days.

*McSurely v. McClellan*, 753 F.2d 88, 98 (D.C. Cir. 1985) (quoting *Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969)) (internal citations, quotations, and modifications omitted).

In *Unicorn Tales v. Banerjee*, the Second Circuit rejected the holding in *Rende*. *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469–70 (2d Cir. 1998). The *Unicorn Tales* panel held that Rule 25 did not specify who was qualified to give notice of death, did not require the identity of the representative to be included on the notice of death, did not require decedent's estate to be probated before notice of death could be given, and did not require a representative to be selected before the notice of death could be given. *Id.* at 470. According to the Second Circuit panel, none of these additional criteria were required under Rule 25 to trigger the 90-day period. Rather, all that Rule 25 required was service of the notice of death upon existing parties. The *Uniform Tales* panel, reviewing the legislative history to Rule 25, supplied the following reasoning:

> Rule 25(a)(1) is designed to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party. Instead, the party is given 90 days from the time when it learns from compliance with Rule 25(a)(1) of the death of an opposing party to take appropriate action.
> . . . .
> The result in *Rende* was based on a concern that Rule 25(a)(1) would be used as a weapon by civil defense attorneys to "place on plaintiff the burden, where no conventional representative was appointed for the estate in probate court, of instituting machinery in order to produce some representative of the estate ad litem, pending appointment of the representative contemplated by law of the domicile of the deceased."

*Id.* The *Unicorn Tales* panel held that perhaps *Rende*'s interpretation was wise under the facts of that case, but nonetheless Rule 25 did not contain these additional requirements. *Id.*

|   |   |
|---|---|
| 1 | In the present instance, the decedent's counsel is not using Rule 25 as a weapon |
| 2 | or litigation tactic, and for that reason alone *Rende* is distinguishable. Indeed, the Court |
| 3 | itself issued the notice of death via its July 20th Order for the purpose of managing its |
| 4 | own docket. That order contained very specific instructions for the parties to file |
| 5 | appropriate motions. No motions were filed. In an abundance of caution, the Court |
| 6 | issued a subsequent order on September 23, 2015 [Dk. 30], well within the 90-day |
| 7 | period from the service of the Court's July 20th Order, requiring briefing on the issue of |
| 8 | Mr. Brand's death. Again, no motions were ever filed. |
| 9 | Even if *Rende* were not distinguishable, the Court believes *Unicorn Tales* is more |
| 10 | persuasive. The Court believes that the burden was on the Plaintiff to take appropriate |
| 11 | action to prosecute the § 727 action against the decedent's estate by filing an appropriate |
| 12 | motion. Assuming that the decedent's representative was unknown, Plaintiff had the |
| 13 | obligation to seek to ascertain the identity of such representative through available |
| 14 | means. For example, Plaintiff could file an appropriate motion or conduct discovery to |
| 15 | ascertain the identity of a proper substitute representative of the decedent. No such |
| 16 | efforts were made despite ample opportunity being provided by the Court. |
| 17 | Plaintiff asserts in its brief [Dk. 44] in opposition to dismissal that it was not |
| 18 | Plaintiff's obligation to "have a representative appointed in the State Court." Plaintiff's |
| 19 | Brief [Dk. 44, page 2, line 24].  Notably, Plaintiff offers no theory or insight about *whose* |
| 20 | *obligation* it was to seek to appoint a representative of the decedent's estate. All Plaintiff |
| 21 | argues is that it was not Plaintiff's obligation. Under the circumstances of this case, the |
| 22 | burden was on Plaintiff to take some form of action to prosecute its case. Were it the |
| 23 | other way around, as Plaintiff urges, absurd results would abound. Indeed, Plaintiff's |
| 24 | position ignores the functional roles and incentives of plaintiffs and defendants in |
| 25 | litigation. |
| 26 | Plaintiff cites *Yonofsky* and *Rende v. Kay* in support of the proposition that "the |
| 27 | opposing party (i.e. the party opposing the decedent) would not have the burden of |
| 28 | identifying the personal representative." Plaintiff's Brief [Dk. 44, page 3, lines 24-25]. |

Those cases, however, do not stand for the proposition that plaintiffs are absolved from taking any action when a defendant dies. Indeed, where a plaintiff dies, it makes little sense to require a defendant to take action to seek out a successor plaintiff. Indeed, it would seem counter-intuitive to place the obligation on a defendant to make arrangements to seek out a representative successor to a deceased plaintiff, unless of course there are valuable counterclaims held by that defendant. Indeed, there are no counterclaims at issue in this § 727 proceeding. Where a defendant dies, the economic incentive to prosecute correctly places the burden on a plaintiff to drive litigation forward. While Plaintiff does not explicitly suggest that it was the surviving co-defendant's obligation, Plaintiff offers no other practical solution. Was it the Court's burden?

In fact, Plaintiff argues that the trial could have proceeded without any action to appoint a representative whatsoever. In support of this novel contention, Plaintiff cites the case of *In re Tikijian*, 76 B.R. 304 (S.D.N.Y. 1987) for the proposition that a "case could proceed despite defendant's death." Plaintiff's Brief [Dk. 44, page 4, lines 11-12]. That case is distinguishable.

The *Tikijian* court held that the death of debtor did not abate an involuntary chapter 7 bankruptcy proceeding where prior to the debtor's death, the debtor had had the opportunity to respond completely to the creditors' motion for summary judgment and no prejudice could occur to the decedent by allowing the court to rule on the summary judgment. *In re Tikijian*, 76 B.R. at 305. This proceeding, of course, is not an involuntary bankruptcy proceeding. Rather, it is an objection to discharge. The involuntary proceeding only asks whether an order for relief should be entered, not whether denial of a discharge should be granted.

The *Tikijian* court, emphasizing the "so far as possible" language in Rule 1016, found that it was "possible" to rule on the summary judgment motion after the death of the debtor. The court emphasized that, at the time of the debtor's death, the debtor had already provided affidavits in opposition to the motion, and both the debtor and the

moving parties had been deposed. The *Tikijian* case stretches due process protections to their limits. Plaintiff would have this Court stretch those limits even further. The *Tikijian* case was at summary judgment stages on the issue of whether an order for relief should be entered in an involuntary case. The *Tikijian* case was not a § 727 action to deny a deceased debtor's discharge. Moreover, the *Tikijian* court was applying the standard for summary judgment—whether any genuine issue of material fact existed. Here, of course, the adversary proceeding would have gone to a full trial on the merits had Mr. Brand not died. These distinctions are critical for due process purposes but also in terms of potential prejudice. Mr. Brand never had the opportunity to testify at trial, including cross-examination or rebuttal.

## Does Rule 25 Require the Notice of Death to Identify the Successor or Representative of Decedent?

Plaintiff's counsel raises another issue: whether the notice of death must identify the successor or representative of the decedent. Plaintiff's counsel announces in its brief that "[t]he law is well settled that the Suggestion of Death must identify the successor or representative of the deceased." Plaintiff's Brief [Dk. 39, page 3, lines 9-10] (quoting *Dietrich v. Burrows*, 164 F.R.D. 220, 222 (N.D. Ohio 1995)). The Court disagrees with this characterization, as courts are clearly divided as to whether the notice of death must identify the decedent's representative or successor in interest. *See Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969) (requiring representative's identity); *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d at 470 (representative's identity not required); *In re MGM Mirage Secur. Litig*, 282 FRD 600, 602 (Dist. NV 2012) (noting split of authority). *See also Williams v. Baron*, No. 2:03-CV-2044LKKJFMPC, 2009 WL 331371, at *2 n.3 (E.D. Cal. Feb. 10, 2009) (collecting cases). Moreover, the Court has found no binding authority in the Ninth Circuit on this issue. At the January 6, 2016 hearing, when asked by the Court, Plaintiff did not offer any additional persuasive argument. The post-hearing brief [Dk. 44] filed by Plaintiff did not provide any additional insight or authority.

Again, in *Rende*, the D.C. Circuit held a suggestion of death filed by the deceased defendant's former counsel was defective for failing to name a successor or representative, reasoning that counsel was in a position to ascertain the identity of his deceased client's successor or representative. *Rende v. Kay*, 415 F.2d at 985 n.4 ("No injustice results from the requirement that a suggestion of death identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25(a)(1) may be invoked by those who represent or inherit from the deceased."). The Second Circuit in *Unicorn Tales* found no such requirement in Rule 25.

This Court again adopts as persuasive authority the Second Circuit's approach in *Unicorn Tales*—that Rule 25 does not require the notice of death to identify the representative or successor to the decedent's estate in order to be effective. *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998) ("The rule does not require that the statement identify the successor or legal representative; it merely requires that the statement of death be served on the involved parties."). While the D.C. Circuit's approach in *Rende v. Kay* may be wise in situations in which litigation tactics are involved, no such tactics are at play here, and this Court will not add any gloss to the Rule as written. Accordingly, this Court finds that Rule 25 does not require the notice of death to identify representatives of the decedent who are unascertained at the time notice of death is made.

**Where the Identity of the Successor or Representative of Decedent is Unascertained or Unknown, is a Motion to Substitute Impossible?**

Finally, Plaintiff argues that because the representative of Mr. Brand's estate is unascertained, Plaintiff argues that "[a] motion to substitute . . . cannot be filed . . . ." Plaintiff's Brief [Dk. 39, page 3, line 15]. The Court disagrees with this "impossibility" argument. The Court specifically invited Plaintiff to file any appropriate motion. The Court's role is not to provide legal advice to counsel. Indeed, the Court is well aware that Plaintiff's counsel is an experienced collections lawyer. Further, as stated by Mrs. Brand

14

Case 6:14-ap-01150-SC    Doc 47    Filed 01/29/16    Entered 01/29/16 08:17:25    Desc
Main Document    Page 15 of 16

in her brief, there may be procedures under California law which allow the appointment of an administrator by a creditor taking action under California Probate Code. *See* Cal. Civ. Proc. Code § 686.020; Cal. Prob. Code § 8461. Generally, plaintiffs have the burden to actively prosecute their case. *See In re Osinga*, 91 B.R. 893, 896 (B.A.P. 9th Cir. 1988) ("It is the plaintiff's duty to expedite his case to its final determination, and if he allows delays by the defendant, he cannot complain of them." (quoting *Boudreau v. United States*, 250 F.2d 209, 211 (9th Cir. 1957)).

The Court notes, but makes no advisory opinion on, solutions to this same dilemma which have been suggested by other courts. *See e.g.*, *Stoddard v. Smith*, 27 P.3d 546, 551 (Utah 2001) (noting that, under a rule substantially similar to Rule 25, a party filing a motion to substitute need not know the identity of the person who may eventually be substituted, but rather that party may seek to ascertain the representative by discovery after the motion to substitute has been made). This approach is consistent with the role of a plaintiff in prosecuting a § 727 action. Further, other courts have noted that there may be little incentive for a representative of a defendant to seek to substitute itself into a case as a defendant. *See Scott v. Vasquez*, No. CV 02-05296 GAF AJW, 2009 WL 4907031, at *3 (C.D. Cal. Dec. 11, 2009) ("Assuming [decedent] had a representative or successor with standing to substitute into this case, it is difficult to imagine why such a person would seek substitution. In the particular circumstances of this case, substitution would expose the representative or successor to potential liability while offering no discernable benefit.").

After several hearings and two Court orders, Plaintiff failed to take appropriate action in filing a motion to substitute, to discover the identity of Mr. Brand's successor, or take any other action under state law to appoint an appropriate substitute party. Plaintiff sat on its rights and failed to file any motion or seek any form of relief related to Mr. Brand's death. Plaintiff's inattention has resulted in great inefficiency and a considerable expenditure of judicial resources. As directed by Rule 1, this Court will

construe and administer Rule 25 so as to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### III. Conclusion

This Court believes that under the language of Rule 25, it is required to dismiss the § 727 action as to Mr. Brand with prejudice based upon the reasoning set forth in this opinion. Rule 25 contains a mandatory directive. It is not permissive. The Court issued an OSC, setting a hearing and a briefing schedule. Plaintiff's brief provided no persuasive analysis. For these reasons, this adversary proceeding is DISMISSED with prejudice as to Mr. Brand. The Court will conduct a trial as to Mrs. Brand on May 3, 2016, at 9:30 a.m.

###

Date: January 29, 2016

Scott C. Clarkson
United States Bankruptcy Judge